1  Brett A. Greenfield, SBN 217343
   email: brett@818lawgroup.com
2  Mak Abromson, SBN 234662
   email: mak@818lawgroup.com
3  818 Law Group, LLP
   21031 Ventura Blvd, Suite 1101
4  Woodland Hills, CA 91364-2254
   Telephone: (818) 724-7272
5  Facsimile:  (818) 806-4110

6  Donald G. Norris, SBN 90000
   DONALD G. NORRIS, A LAW CORPORATION
7  500 S. Grand Ave., 18th Fl.
   Los Angeles, California 90071
8  email: dnorris@norgallaw.com
   Telephone: (213) 232-0855
9  Facsimile: (213) 286-9499

10 Attorneys for Plaintiffs
   Mari Ann Sartor and Roy Eugene Jackson
11

12                    UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

14

| | |
|---|---|
| MARI ANN SARTOR and ROY EUGENE JACKSON, individually, and as successors in interest to JAY J. JACKSON, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF RIVERSIDE; ROBERT CARRASCO; and DOES 1-15, inclusive, <br><br> Defendants. | Case no. <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Unreasonable Seizure—Excessive Force [42 U.S.C. §1983]; <br> 2. Interference With Due Process Right to Familial Relationships [42 U.S.C. § 1983]; <br> 3. Battery; <br> 4. Negligence; <br> 5. Violation of Cal Civ. Code § 52.1; <br> 6. Wrongful Death; <br><br> DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1. This is a civil rights and wrongful death/survival action arising from the shooting death of the plaintiffs' adult son, Jay J. Jackson (the "decedent"), on July 22, 2022, in Moreno Valley, California.

2. This case arises under 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide the claims that arise under the laws of the State of California. Plaintiffs has filed a timely claim with defendant County of Riverside pursuant to California Government Code Section 910 *et seq*.

4. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiffs Mari Ann Sartor and Roy Eugene Jackson ("plaintiffs") are individuals who were the natural mother and natural father, respectively, of the decedent, and live in San Diego County, and San Bernardino County, respectively. Plaintiffs sue both in their individual capacities, as well as in a representative capacity as successors in interest to decedent.

6. At all times herein mentioned defendant County of Riverside ("County") was and is a local governmental entity duly organized and existing under the laws of the State of California. At all times the County of Riverside Sheriff's Department ("RSD") was and is an official Department of the County.

7. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned defendant Robert Carrasco ("Carrasco") was and is employed as a deputy sheriff of the RSD, acting under color of the law, statutes, ordinances, policies, practices, customs, and/or usages of the County, and/or otherwise within the course and scope of his respective duties as an employee, and with the complete authority and ratification, of defendant County.

8. At all relevant times defendants Does 1 through 10, inclusive were individuals who were employees and/or agents of the RSD, who were acting under color of the law, statutes, ordinances, policies, practices, customs, and/or usages of the County, and/or otherwise within the course and scope of their respective duties as employees, and with the complete authority and ratification, of defendant County. Said defendants are each in some manner responsible for the injuries and damages complained of herein. The true names of defendants Does 1 through 10, inclusive are presently unknown to plaintiffs, who therefore sue each of these defendants by such fictitious name.

9. At all relevant times defendants Does 11 through 15, inclusive, were individuals or entities whose identities are presently unknown to plaintiffs, who therefore sue each of these defendants by such fictitious name. Said defendants are each in some manner responsible for the injuries and damages complained of herein.

10. Upon ascertaining the true identity of a defendant Doe, plaintiffs will amend this complaint, or seek leave to do so, by inserting the true name in lieu of the fictitious name.

11. Each defendant promoted, ratified, and approved the wrongful conduct alleged herein of each of the other defendants, and acted in concert with and conspired with each of the other defendants, in doing the wrongful acts complained of herein, as more fully alleged below.

## FACTS

12. At approximately 12:00 p.m. on July 22, 2022, the decedent was walking through the parking lot area near the Family Dollar Store located in the 15000 block of Perris Boulevard in Moreno Valley, California. At that time, without warning or probable cause, defendant Carrasco, who was likewise ambulatory, then fired one or more shots at decedent, at least one of which struck him. Defendant Carrasco shot decedent without provocation, necessity, or

justification. Decedent was at all times unarmed, was not reaching for a weapon, and otherwise did not pose a threat of death or serious physical injury to defendant Carrasco, or to any other person, including other RSD deputy sheriffs at the scene.

13. On information and belief, decedent expired at the shooting location.

## FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
## FOR UNLAWFUL SEIZURE AND EXCESSIVE FORCE

(By plaintiffs as successors in interest against
Defendants Robert Carrasco and Does 1-10)

14. Plaintiffs repeat and reallege and incorporate by reference each and every allegation in paragraphs 1 through 13, inclusive, of this complaint as if fully set forth herein.

15. Plaintiffs bring this claim for relief in their capacity as the successors in interest of the decedent, for whom there is no estate opened, under California Code of Civil Procedure § 377.30. The foregoing claim for relief arose in the decedent's favor, and decedent would have been the plaintiff with respect to this claim for relief had he lived.

16. The use of the aforesaid force against the decedent was excessive and unreasonable, and deprived decedent of his right to be secure in his person against unreasonable seizures guaranteed him by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of Title 42 U.S.C. § 1983.

17. As a direct result thereof the aforesaid acts and omissions of defendants, decedent suffered great physical and mental injury, fear and emotional distress, trauma, pain, shock to his nervous system, and ultimately death, and loss of the enjoyment of life. Plaintiffs seek damages for said injuries.

18. The conduct of defendant Carrasco and Does 1-10, as alleged above, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and the passenger in his car, therefore warranting the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example.

## SECOND CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF THE SUBSTANTIVE DUE PROCESS RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT

(By plaintiffs individually against defendants Robert Carrasco and Does 1-10)

19. Plaintiffs repeat and reallege and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 16 of this complaint as if set forth herein in full.

20. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in being free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their to a parental and familial relationship with their son, the decedent.

21. The use of force against decedent by defendants, acting under color of law, shocks the conscience, was unrelated to any legitimate law enforcement objective, was done with the intent to harm the decedent, and in reckless disregard of the rights of plaintiffs herein.

22. The use of said force deprived plaintiffs of their substantive due process rights not to have their familial association infringed upon or interfered with in an unwarranted manner, or to be deprived by the loss of life of their son, thereby depriving them of rights, privileges, and immunities under the U.S. Constitution, in violation of Title 42 U.S.C. § 1983.

23. As a direct result of the aforesaid acts of said defendants, plaintiffs have suffered and will suffer great physical and mental injury, trauma, pain, shock to their nervous system, anguish, anxiety, humiliation, fear and emotional distress, and the loss of the love, affection, care, society, companionship, and support and affection of their son, all to their damage in an amount according to proof.

24. As a further direct result of defendants' acts plaintiffs incurred funeral and burial expenses, in an amount according to proof.

25. The conduct of defendants alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and plaintiffs and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example.

<u>THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983 FOR UNCONSTITUTIONAL MUNICIPAL CUSTOMS, PRACTICES AND POLICIES</u>

(Against defendant County of Riverside)

26. Plaintiffs hereby repeat and reallege and each and every allegation contained in paragraphs 1 through 25 of this complaint as if set forth herein in full.

27. Plaintiffs sue under this claim as successors in interest to decedent. In addition, plaintiffs sue individually in connection with the violation of their own rights under the United States Constitution, as alleged above in the Second Claim for Relief.

28. On information and belief, the Sheriff of the County of Riverside or other final policymaker, who had final policymaking authority concerning the acts of the individual defendants, ratified (or will ratify) said acts and the purported bases for them, with actual knowledge of or deliberate indifference to their unconstitutional nature.

29. Alternatively, on information and belief, the unconstitutional actions of the individual defendants, as well as other officers employed by or acting on behalf of defendant County of Riverside and its Sheriff Department, as alleged above, were the result of the following unconstitutional customs, policies and/or practices on the part of the Sheriff Department of defendant County of Riverside:

   a. the use or tolerance of excessive and deadly force against unarmed and other individuals, including by defendant Carrasco;

   b. the use of unreasonably and unnecessarily aggressive tactics against individuals, such that officers are more likely to use substantial physical, excessive and/or deadly force against those individuals;

   c. the failure to properly train, instruct, monitor, supervise, and discipline the individual defendants herein, including defendant Carrasco, and other officers of defendants, in the proper use of deadly force; and

   d. the deprivation of access to the courts by engaging in a cover-up of violations of constitutional rights, to wit: by allowing, tolerating, and/or encouraging officers to file false reports, make false statements, obstruct and/or interfere with investigations of unconstitutional or unlawful conduct, by withholding and/or concealing material information, and evidence, and otherwise ignoring and/or failing to adequately investigate and discipline unconstitutional or unlawful activity, including that of defendant Carrasco.

30. The aforementioned ratification of the individual defendants' actions, as well as the unconstitutional policies, practices and customs of defendant County as alleged above, were a direct and moving cause of the deprivations of decedent's and plaintiffs' clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983.

31. As a direct result of the actions alleged herein, decedent was damaged, as alleged above, as were plaintiffs, as further alleged above.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

(By plaintiffs as successors in interest to decedent

against defendants Robert Carrasco and County of Riverside)

32. Plaintiffs repeat and reallege and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 16 of this complaint as if set forth herein in full.

33. As is detailed above, defendant Carrasco intentionally shot at the decedent, striking him and ultimately killing him. Defendant Carrasco's acts resulted in nonconsensual, offensive contact with the decedent's person. Defendant Carrasco had no legal justification for using said force against decedent, and the use of force by said defendant acting as sworn deputy sheriff officer of defendant County was an unreasonable use of force.

34. As a direct, legal and proximate result of the actions of defendant Carrasco decedent was injured and suffered damages.

35. Defendant County is vicariously liable for the wrongful acts of defendant Carrasco pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

36. The conduct of defendant Carrasco as alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example of said defendant.

## FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

(By plaintiffs as successors in interest to decedent

against defendants Carrasco, Does 1-15 and County of Riverside)

37. Plaintiffs repeat and reallege and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 15 of this complaint as if set forth herein in full.

38. In their contacts with the decedent defendants Carrasco and Does 1-10 were required to use reasonable care in seizing the decedent, taking him into custody and using force against him.

39. Defendants Carrasco and Does 1-10 failed to use appropriate tactics or reasonable care in seizing and shooting the decedent, by, among other things, failing to give a warning, and failing to use other appropriate less lethal tactics than immediately discharging a firearm. The conduct of defendants Carrasco and Does 1-10 in that regard fell below the standard of care of reasonable persons in their profession as sworn police officers, such that defendants Carrasco and Does 1-10 were negligent in the performance of their police tactics and duties.

40. As a direct, legal and proximate result of the aforesaid negligence of defendants Carrasco and Does 1-10, inclusive the decedent suffered injuries and damages.

41. Defendant County is vicariously liable for the negligence of defendants Carrasco and Does 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code.

42. Defendants Does 11-15 had a duty to use reasonable care in any complaints or reports made as to decedent or his conduct and not to falsify or misrepresent such matters. Said defendants breached said duties.

43. As a direct, legal and proximate result of the aforesaid negligence of defendants Does 1-15, inclusive the decedent suffered injuries and damages.

## SIXTH CLAIM FOR RELIEF UNDER CAL. CIV. CODE § 52.1

(By plaintiffs as successors in interest to decedent

against defendants Robert Carrasco, Does 1-10 and County of Riverside

44. Plaintiffs repeat and reallege and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 41 of this complaint as if set forth herein in full.

45. In violation of California Civil Code section 52.1 defendants Carrasco and Does 1-10 interfered by violence, threats of violence, intimidation, or coercion, with the exercise or enjoyment of the rights of decedent to be free from unlawful seizures and excessive and unreasonable force, in violation of his rights protected under Article 1, Sections 7 and 13 of the California Constitution, as well as the Fourth Amendment of the United States Constitution.

46. On information and belief, defendants Carrasco and Does 1-10 intentionally and spitefully committed the above acts to discourage decedent from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

47. On information and belief, decedent reasonably believed and understood that the acts committed by defendants Carrasco and Does 1-10 were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

48. As a direct, legal and proximate result of the aforesaid violations of California Civil Code section 52.1 by defendants Carrasco and Doe 1-10, decedent was injured and damaged.

49. Defendant County is vicariously liable for the wrongful acts of defendants Carrasco and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the

injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

50. The conduct of defendant Carrasco and Does 1-10 as alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example of said defendant.

<u>SEVENTH CLAIM FOR RELIEF FOR WRONGFUL DEATH</u>

(By plaintiffs individually against defendants Carrasco, Does 1-10 and County of Riverside)

51. Plaintiffs repeat and reallege and hereby incorporate by reference each and every allegation contained in paragraphs 1 through 50 of this complaint as if set forth herein in full.

52. Plaintiffs are proper parties with standing, pursuant to Cal. Civ. Proc. Code § 377.60, to pursue this wrongful death claim.

53. As a direct result of the acts of defendants alleged above plaintiffs have been damaged, suffering pecuniary loss and other compensable injuries resulting from loss of love, society, comfort, attention, services, and support of the decedent, in an amount in accordance with proof.

54. As a further direct result of the acts of defendants, plaintiffs have incurred expenses, including funeral and burial expenses, in an amount according to proof.

55. Defendant County is vicariously liable for the tortious conduct of defendants Carrasco and Does 1-10, pursuant to section 815.2(a) of the California Government Code.

56. The conduct of defendants Carrasco and Does 1-10 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary

damages in an amount according to proof sufficient to punish and make an example of each said defendant.

## PRAYER

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

<u>As to all Claims for Relief</u>

1. For compensatory, general, special and incidental damages, in amounts according to proof;

2. For costs of suit incurred, including reasonable attorneys' fees as to the First, Second, Third and Sixth Causes of Action; and

3. For such other and further relief as this Court deems just and proper.

<u>As to the First, Second, Fourth, Sixth and Seventh Claims for Relief</u>

4. For punitive and exemplary damages against the individual defendant(s) in an amount sufficient to punish defendant(s) and make an example.

Dated: August 9, 2022

818 LAW GROUP, LLP
DONALD G NORRIS, A LAW CORPORATION

By _____/s/_____
Brett A. Greenfield
Attorneys for Plaintiffs

REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury on all claims.

Dated: August 9, 2022

818 LAW GROUP, LLP
DONALD G. NORRIS, A LAW CORPORATION

By   /s/
   Brett A. Greenfield
   Attorneys for Plaintiffs